USCA1 Opinion

 

 March 10, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1818 UNITED STATES OF AMERICA, Appellee, v. SUBIR CHAKLADER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Andrew A. Caffrey, Senior U.S. District Judge] __________________________ ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Daniel K. Sherwood, by Appointment of the Court, for appellant. __________________ A. John Pappalardo, United States Attorney, with whom Tobin N. ___________________ ________ Harvey, Assistant United States Attorney, was on brief for the United ______ States. ____________________ March 10, 1993 ____________________ Per Curiam. Appellant Subir Chaklader was ordered __________ by the district court to serve a previously suspended five- year sentence for violating the conditions of his parole by committing an assault and battery with a deadly weapon in California. On appeal, Chaklader argues that the twenty-one- month delay between the time that California prison officials first indicated that he would be made available to federal authorities on a detainer and the commencement of federal probation revocation proceedings, violated Rule 32.1 of the Federal Rules of Criminal Procedure and the due process clause of the United States Constitution. BACKGROUND1 BACKGROUND Chaklader was federally indicted in 1983 for one count of mail fraud and one count of using fraudulently- obtained credit cards. In 1987, he was sentenced in the United States District Court for the District of Massachusetts to a three-year committed sentence on Count 1 and a consecutive five-year suspended sentence with probation ____________________ 1. Some of the facts mentioned below are found only in appendices filed for the first time with this court by Chaklader and the government after appeal. They are not part of the district court record, Chaklader having failed to raise his Rule 32.1 and due process arguments before the district court. While facts not contained in the record below are not properly before this court, we nonetheless set forth the parties' version of them by way of background to our conclusion that, even considering the Rule 32.1 and due process arguments, they are wholly without merit. -2- for five years on Count 2. Chaklader served the committed sentence and was released on probation in 1988. On May 7, 1990, Chaklader was arrested in California and charged under state law with attempted murder. On May 9 and May 14 of that year, the United States Marshal in California filed detainers against Chaklader for a probation violation warrant the district judge in Massachusetts had ordered several days before the offense.2 These detainers sought notification from the California prison authorities if Chaklader was transferred, available for federal custody, or released from state custody. On June 27, 1990, Chaklader pled guilty in the California Superior Court to the lesser charge of assault and battery with a deadly weapon and was sentenced to a term of four-years imprisonment that "may run concurrent" with any federal sentence. Over the next two years, while serving his state sentence in a state prison, Chaklader says that he sought unsuccessfully to have federal authorities take ____________________ 2. This petition for revocation of probation, dated May 4, 1990, identified five separate probation violations: (1) failure to notify his probation officer that he had been questioned by law enforcement officers; (2) failure to notify his probation officer that he had been discharged from his employment; (3) leaving the Southern District of New York without permission of the Probation Department; (4) failure to notify his probation officer of a change in residence; and (5) failure to report to his probation officer as directed. An additional probation revocation petition alleging Chaklader's conviction for the offense committed on May 7, 1990 was ordered filed on May 18, 1992. Chaklader's probation was eventually revoked under the later petition. -3- custody of him. On September 17, 1990, California prison authorities notified federal authorities that Chaklader was available on the detainer. When, as Chaklader says, the federal authorities refused to take custody of him, Chaklader sought to have the California state courts revoke his state plea agreement. After failing to get this relief in the state courts, Chaklader asserts that he filed unsuccessful petitions for habeas corpus in federal courts in both California and Massachusetts, seeking to have federal authorities take custody of him. On May 18, 1992, the District Court for the District of Massachusetts issued a second petition for revocation of probation for Chaklader's commission of the May 1990 offense. See supra note 2. Chaklader was brought from ___ _____ the California prison to Boston on a writ of habeas corpus ad __ prosequendum to answer the second probation revocation ____________ petition. A probation violation hearing was held on June 1, 1992, approximately twenty-one months after California authorities had first advised that they were willing to make Chaklader available to federal authorities for this purpose. During the probation violation hearing, Chaklader's attorney asked the court to consider the time Chaklader had served on the California sentence in determining what sentence to impose for Chaklader's probation violation. In his allocution, Chaklader himself asked the court to consider -4- the California sentence. He further expressed his frustration over his alleged unsuccessful attempts to have federal authorities take custody of him so that his sentences would run concurrently, complaining that he had "been trying for two years to come here." The district court thereafter revoked Chaklader's probation and ordered that he serve the full five-year sentence that had originally been suspended. The sentence was to be served on and after the California state sentence. This appeal followed. DISCUSSION DISCUSSION On appeal, Chaklader contends that the twenty-one- month delay between the time California authorities first indicated their readiness to make him available to federal authorities (September 17, 1990) and the time of his probation revocation hearing (June 1, 1992) violated Fed. R. Crim. P. 32.1 and his rights to a speedy probation hearing under the due process clause. A serious impediment to these arguments is that Chaklader did not articulate them below. Absent plain error, an issue not presented to the district court cannot be raised for the first time on appeal. United ______ States v. Argentine, 814 F.2d 783, 791 (1st Cir. 1987); ______ _________ United States v. Chambliss, 766 F.2d 1520, 1521 (11th Cir. _____________ _________ 1985). -5- Chaklader is unable to establish any error on the part of the district court, let alone plain error. Rule 32.1 requires the affording of a prompt probable cause hearing "[w]henever a person is held in custody on the ground that the person has violated a condition of probation . . . ." Fed. R. Crim. P. 32.1(a)(1); see United States v. Sackinger, ___ _____________ _________ 537 F. Supp. 1245, 1249 (W.D.N.Y. 1982), aff'd, 704 F.2d 29, _____ 30 (2d Cir. 1983). Thereafter, the revocation hearing shall be held within a reasonable time. Fed. R. Crim. P. 32.1(a)(2). Contrary to Chaklader's contentions, he was not in custody on the grounds of his federal probation violation _________________________________________________ when in 1990 California authorities purportedly indicated his availability to federal authorities on the detainer. Chaklader was instead serving, and continued thereafter to serve, a state sentence in a state facility. Not until May 1992 was Chaklader finally taken into federal custody to answer for violations of the conditions of his probation. His probation violation hearing took place less than one month later. There was thus clearly no violation of Rule 32.1. For similar reasons, Chaklader's due process argument fails as there is "no constitutional duty to provide petitioner an adversary parole hearing until he is taken into ______________________ custody as a parole violator . . . ." Moody v. Daggett, 429 ____________________________ _____ _______ U.S. 78, 89 (1976) (emphasis added); see also United States ________ _____________ -6- v. Wickham, 618 F.2d 1307, 1309 n.3 (9th Cir. 1979) (speedy _______ revocation hearing protection under the due process clause is "not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release."). Chaklader has suffered no prejudice from the twenty-one-month delay before his federal probation revocation hearing. It is not alleged that the delay impaired his ability to contest the revocation. See Wickham, ___ _______ 618 F.2d at 1310 (delay must affect probationer's ability to contest facts of revocation); see also United States v. _________ _____________ Marion, 404 U.S. 307, 324 (for pre-indictment delay to be ______ cognizable under due process clause, defendant must show actual prejudice to the defense of the criminal case). Indeed, it would be difficult, if not impossible, for Chaklader to establish such prejudice since he pled guilty to the underlying California assault and battery charge. Moreover, the passage of twenty-one months in no way restricted the district court's ability "to grant, retroactively, the equivalent of concurrent sentences." Moody, 429 U.S. at 87. Aware of the California sentence and _____ the time served thereunder, the district court nonetheless -7- chose to require that the reinstated federal sentence be fully served on and after the California sentence. Thus even accepting Chaklader's version of the facts, and considering arguments not presented below, there was no violation of his right to a prompt revocation hearing either under Rule 32.1 or under the due process clause. Affirmed. ________ -8-