45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Subir CHAKLADER, Petitioner-Appellant,
v.
Janet RENO, Attorney General; P.W. Keohane, Warden,
Respondents-Appellees.
 No. 94-55521.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Subir Chaklader, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 In 1987, Chaklader pleaded guilty in the United States District Court for the District of Massachusetts to mail fraud and using fraudulently-obtained credit cards. He was sentenced to three years imprisonment and a consecutive five-year suspended term with five years probation. Chaklader served the three-year term and was released on federal probation in 1988. In June 1990, he was convicted in California state court for assault and battery with a deadly weapon and was sentenced to four years imprisonment. On June 1, 1992, the Massachusetts district court revoked his probation and ordered him to serve the previously suspended five-year term of imprisonment "on and after the sentence imposed in California." See United States v. Chaklader, 987 F.2d 75 (1st Cir.1993) (per curiam) (affirming district's court's judgment). The State of California then released Chaklader on parole on June 13, 1992, and he was transferred to federal prison.
 
 
 4
 On January 27, 1994, Chaklader filed a 28 U.S.C. Sec. 2241 habeas corpus petition in the United States District Court for the Central District of California. Chaklader claimed that the Bureau of Prisons improperly failed to treat his five-year term as concurrent with the state sentence, which he began serving in 1990; rather, "the Bureau of Prisons [is] treating his sentence consecutive 'adversely affecting [his] security level, custody and p[r]ogramming as well as incorrectly determining his release date September 6, 1995 instead of September 19, 1993." The district court denied Chaklader's Sec. 2241 petition.
 
 
 5
 Chaklader contends that his five-year federal term began on June 27, 1990, when his California sentence was imposed, rather than on June 1, 1992, when his federal probation was revoked. This contention lacks merit.
 
 
 6
 A federal sentence does not begin to run until the defendant is received into federal custody. 18 U.S.C. Secs. 3568 (repealed), 3585(a); United States v. Del Guzzi, 980 F.2d 1269, 1270 (9th Cir.1992) (per curiam). Chaklader was received into federal custody in 1992, not in 1990. See Chaklader, 987 F.2d at 77 ("Not until May 1992 was Chaklader finally taken into federal custody to answer for violations of the conditions of his probation.") Moreover, in holding that the 21-month delay between Chaklader's California offense and his probation revocation hearing on June 1, 1992, was not improper, the First Circuit Court of Appeals stated that "the passage of twenty-one months in no way restricted the district court's ability to grant, retroactively, the equivalent of concurrent sentences." Id. (quotation omitted). Thus, by stating what the Massachusetts district court had not done, the First Circuit resolved any ambiguity and confirmed that the five-year term commenced on June 1, 1992.
 
 
 7
 Accordingly, we AFFIRM the district court's judgment.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3