77 F.3d 460
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Peter WHITE, Petitioner, Appellant,
v.
Sheila HUBBARD, et al., Respondents, Appellees.
 No. 95-1750.
 United States Court of Appeals, First Circuit.
 Feb. 29, 1996.
 
 Peter White on brief pro se.
 Scott Harshbarger, Attorney General, and William J. Duensing, Assistant Attorney General, Criminal Bureau, on brief for appellees.
 Before TORRUELLA, Chief Judge BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this habeas corpus proceeding under 28 U.S.C. § 2254, petitioner Peter White complains that the Massachusetts Parole Board abridged his due process rights by waiting some eleven years before executing a parole violation warrant against him. During that period, petitioner was first awaiting trial on, and then incarcerated for, several federal offenses. We agree with the district court that no constitutional claim has been presented.
 
 
 2
 Petitioner is mistaken in arguing that he was entitled to a revocation hearing prior to his release from federal custody in 1992. Prior thereto, as the Magistrate-Judge observed, petitioner was never "taken into custody as a parole violator by execution of the warrant"--the event that triggers the right to a prompt revocation hearing. Moody v. Daggett, 429 U.S. 78, 89 (1976); accord, e.g., United States v. Chaklader, 987 F.2d 75, 77 (1st Cir.1993) (per curiam) (noting that the speedy revocation hearing protection under the Due Process Clause is "not triggered when the warrant is placed as a detainer at an institution where the ... parolee is already in custody awaiting disposition of an intervening charge or serving a sentence for a crime committed while on [parole]") (quoting United States v. Wickham, 618 F.2d 1307, 1309 n. 3 (9th Cir.1979)).
 
 
 3
 Also misplaced is the related contention that the delay between issuance and execution of the warrant here was so unreasonable as to have resulted in a waiver of the parole board's authority to return petitioner to prison. See generally, e.g., Bennett v. Bogan, 66 F.3d 812, 818-19 (6th Cir.1995); United States v. Tippens, 39 F.3d 88, 90 (5th Cir.1994) (per curiam); United States v. Hill, 719 F.2d 1402, 1403-05 (9th Cir.1983); In re Zullo, 420 Mass. 872 (1995). Petitioner insists that the warrant could have been served between the time he was released on bail in 1981 and the time he commenced his federal incarceration in 1983. Yet it is difficult to conclude that the board acted unreasonably in deferring action while the federal charges were pending--especially since state law called for such a result. See Mass. Gen. L. ch. 127, § 149 (1981); see, e.g., In re Zullo, 37 Mass.App.Ct. 371, 373 (1994), vacated and remanded on other grounds, 420 Mass. 872 (1995); Smith v. State Parole Board, 17 Mass.App.Ct. 145, 150 n. 12 (1983).
 
 
 4
 Petitioner in any event has failed to demonstrate that he was prejudiced by the delay. No suggestion has been made that deferral of the revocation hearing "undermine[d] his ability to contest the issue of the violation or to proffer mitigating evidence." Tippens, 39 F.3d at 90. Instead, petitioner contends only that he was deprived of the opportunity to serve his federal and state sentences concurrently. Virtually the identical argument was rejected in Moody, where the Court noted that the parole commission retained the discretion "to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release." 429 U.S. at 87; accord, e.g., Tippens, 39 F.3d at 90; Chaklader, 987 F.2d at 77; United States v. Fisher, 895 F.2d 208, 211 (5th Cir.), cert. denied, 495 U.S. 940 (1990). That the board here, in the end, chose not to exercise its discretion in this manner is without constitutional significance. See, e.g., Chaklader, 987 F.2d at 77.
 
 
 5
 Affirmed.