USCA1 Opinion

 

 February 29, 1996 [NOT FOR PUBLICATION] UNITES STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1750 PETER WHITE, Petitioner, Appellant, v. SHEILA HUBBARD, ET AL., Respondents, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, Chief U.S. District Judge] _________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Peter White on brief pro se. ___________ Scott Harshbarger, Attorney General, and William J. Duensing, _________________ ___________________ Assistant Attorney General, Criminal Bureau, on brief for appellees. ____________________ ____________________ Per Curiam. In this habeas corpus proceeding under 28 __________ U.S.C. 2254, petitioner Peter White complains that the Massachusetts Parole Board abridged his due process rights by waiting some eleven years before executing a parole violation warrant against him. During that period, petitioner was first awaiting trial on, and then incarcerated for, several federal offenses. We agree with the district court that no constitutional claim has been presented.  Petitioner is mistaken in arguing that he was entitled to a revocation hearing prior to his release from federal custody in 1992. Prior thereto, as the Magistrate-Judge observed, petitioner was never "taken into custody as a parole violator by execution of the warrant"--the event that triggers the right to a prompt revocation hearing. Moody v. _____ Daggett, 429 U.S. 78, 89 (1976); accord, e.g., United States _______ ______ ____ _____________ v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993) (per curiam) _________ (noting that the speedy revocation hearing protection under the Due Process Clause is "not triggered when the warrant is placed as a detainer at an institution where the ... parolee is already in custody awaiting disposition of an intervening charge or serving a sentence for a crime committed while on [parole]") (quoting United States v. Wickham, 618 F.2d 1307, _____________ _______ 1309 n.3 (9th Cir. 1979)). Also misplaced is the related contention that the delay between issuance and execution of the warrant here was so -2- unreasonable as to have resulted in a waiver of the parole board's authority to return petitioner to prison. See ___ generally, e.g., Bennett v. Bogan, 66 F.3d 812, 818-19 (6th _________ ____ _______ _____ Cir. 1995); United States v. Tippens, 39 F.3d 88, 90 (5th ______________ _______ Cir. 1994) (per curiam); United States v. Hill, 719 F.2d ______________ ____ 1402, 1403-05 (9th Cir. 1983); In re Zullo, 420 Mass. 872 ___________ (1995). Petitioner insists that the warrant could have been served between the time he was released on bail in 1981 and the time he commenced his federal incarceration in 1983. Yet it is difficult to conclude that the board acted unreasonably in deferring action while the federal charges were pending-- especially since state law called for such a result. See ___ Mass. Gen. L. ch. 127, 149 (1981); see, e.g., In re Zullo, ___ ____ ___________ 37 Mass. App. Ct. 371, 373 (1994), vacated and remanded on ________________________ other grounds, 420 Mass. 872 (1995); Smith v. State Parole _____________ _____ ____________ Board, 17 Mass. App. Ct. 145, 150 n.12 (1983).  _____ Petitioner in any event has failed to demonstrate that he was prejudiced by the delay. No suggestion has been made that deferral of the revocation hearing "undermine[d] his ability to contest the issue of the violation or to proffer mitigating evidence." Tippens, 39 F.3d at 90. Instead, _______ petitioner contends only that he was deprived of the opportunity to serve his federal and state sentences concurrently. Virtually the identical argument was rejected in Moody, where the Court noted that the parole commission _____ -3- retained the discretion "to grant, retroactively, the equivalent of concurrent sentences and to provide for unconditional or conditional release." 429 U.S. at 87; accord, e.g., Tippens, 39 F.3d at 90; Chaklader, 987 F.2d at ______ ____ _______ _________ 77; United States v. Fisher, 895 F.2d 208, 211 (5th Cir.), _____________ ______ cert. denied, 495 U.S. 940 (1990). That the board here, in ____________ the end, chose not to exercise its discretion in this manner is without constitutional significance. See, e.g., ___ ____ Chaklader, 987 F.2d at 77. _________ Affirmed. _________  -4-