**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff- Appellee,

v.

ARMANDO FERNANDEZ,

   Defendant-Appellant.

No. 96-2166
(D.C. No. CV 96-64 SC/JHG,
CR 90-122 JB)
(Dist. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

   On September 25, 1990, the United States District Court for the District of New Mexico sentenced defendant-appellant Armando Fernandez to 41 months of incarceration to be followed by four years of supervised release after Fernandez pled guilty to conspiracy to posses with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100

---

   [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

kilograms of marijuana. Fernandez served his sentence and began his period of supervised release. On October 31, 1992, while on supervised release, the United States Custom Service arrested Fernandez in El Paso, Texas, for conspiracy to possess with intent to distribute approximately 291 pounds of marijuana and possession with intent to distribute over 100 kilograms of marijuana. On October 18, 1993, Fernandez pled guilty to conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. He was sentenced to 70 months imprisonment to be followed by a term of supervised release of three years and was committed to the Federal Bureau of Prisons on June 2, 1994, to serve his sentence.

Based on Fernandez's 1993 conviction in Texas, Norma Svet, United States Probation Officer, filed a petition on November 3, 1994, to revoke Fernandez's supervised release under the terms of his sentence for the 1990 conviction in New Mexico. On November 16, 1994, the United States District Court for the District of New Mexico issued a Warrant for Arrest which was lodged as a detainer against Fernandez on December 5, 1994. On January 16, 1996, Fernandez filed a Motion to Discharge Term of Supervised Release pursuant to 18 U.S.C. §§ 3583(e)(1) & (2) in the United States District Court for the District of New Mexico. Fernandez argued that the supervised release portion of his sentence for the New Mexico conviction should be dismissed because the government had

failed to schedule a revocation hearing within a reasonable time of the detainer being placed against him. The district court denied the motion on July 1, 1996. Fernandez subsequently filed a motion to reconsider which also was denied on April 2, 19997. Fernandez now appeals.[1]

First, Fernandez claims that the government denied him a revocation hearing within a reasonable time as required by Federal Rule of Criminal Procedure 32.1(a)(2). Rule 32.1(a)(2) requires that a hearing to revoke probation or a term of supervised release "shall be held within a reasonable time in the district of jurisdiction." However, in McDonald v. New Mexico Parole Board, 955 F.2d 631, 633 (10th Cir. 1991), we held that the "hearing requirements and time limitations" applicable to a final revocation hearing "must be adhered to only after the parolee is taken into custody as a parole violator." Id. at 633; see also United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993). Consequently, Rule 32.1(a)(2) is triggered only when the government takes a defendant into custody for violating the conditions of his parole or supervised release, not by the mere issuance of a detainer or warrant for arrest. The district court found that Fernandez was not being held on the outstanding warrant for violation of his

---

[1] The district court denied a certificate of appealability, apparently treating Fernandez's motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. However, as discussed in our December 15, 1997, Order, the certificate of appealability requirements in the Antiterrorism and Effective Death Penalty Act do not apply to this appeal.

supervised release because the warrant had not been executed. Instead, Fernandez is currently held in custody for the sentence he received for his 1993 conviction in Texas. As a result, no triggering event has occurred requiring the holding of a revocation hearing within a reasonable time under Rule 32.1(a)(2).

Second, Fernandez argues that the detainer lodged against him has deprived him of the ability to take advantage of various educational and rehabilitative programs offered by the Bureau of Prisons in violation of his constitutional right to due process. However, we noted in McDonald that "the Supreme Court has rejected the concept that these kinds of adverse consequences . . . trigger a due process concern." Id. at 634 (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Therefore, Fernandez's due process claim also must fail.

For these reasons, we AFFIRM the district court's order denying Fernandez's Motion to Discharge Term of Supervised Release.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge