IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2005

## GERALD D. STOVER v. KEVIN MYERS, Warden

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13618      Stella Hargrove, Judge**

_____

**No. M2005-00276-CCA-R3-HC - Filed September 2, 2005**

_____

Following his plea of guilty to aggravated burglary,[1] the petitioner was sentenced to twelve years. After serving a period of time, the length of which is unclear from the record, he was paroled and, on February 19, 1999, was convicted in Alabama for trafficking cocaine. Apparently, a parole violation warrant was issued on January 25, 1999, for his Tennessee sentence, as to which he was declared on the same day to be delinquent. Presumably because the petitioner was incarcerated in Alabama, the warrant was not served on him until March 1, 2004. His parole was revoked on April 1, 2004, following a hearing that same day. He filed a petition for writ of habeas corpus on September 29, 2004, seeking relief because, by his analysis, his sentence had expired and the revocation hearing had not been timely. The trial court dismissed the petition and, following our review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Gerald D. Stover, South Central Correctional Facility, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

---

[1]In the docketing statement provided to the appellate court clerk's office, the petitioner stated that he was convicted of aggravated robbery. However, according to the parole violation report attached to his petition, he was convicted of aggravated burglary.

## OPINION

## FACTS

An attachment to the petitioner's memorandum of law in support of his petition for writ of habeas corpus, which apparently was attached to his petition, was a July 22, 1999, letter from Jimmy L. Cosby, the Director of the Tennessee Board of Probation and Paroles, informing the petitioner, *inter alia*, that he was alleged to be in violation of his Tennessee parole and would be returned to this state following completion of his Alabama sentence. Also attached to the memorandum was a Tennessee Board of Paroles Parole Violation Report, upon which the petitioner relies in this proceeding, setting out that the petitioner had been paroled from his twelve-year sentence on August 4, 1997, and that his parole would expire on March 18, 2002.

In both the post-conviction court and on appeal, the State argued that the petitioner was not entitled to habeas corpus relief because his sentence had not expired, the parole revocation proceedings had not been untimely, and habeas corpus relief was not available for the petitioner's claim.

## ANALYSIS

In Hogan v. Mills, ___ S.W.3d ___, 2005 WL 1501677, at *1 (Tenn. 2005), our supreme court explained the narrow grounds which justify the granting of habeas corpus relief:

> The grounds upon which habeas corpus relief is available are narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. Id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted). A void or illegal sentence is one whose imposition directly contravenes a statute. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. Taylor, 995 S.W.2d at 83 (citations omitted). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. Tenn. Code Ann. § 29-21-109 (2000); Hickman, 153 S.W.3d at 20.

In the petitioner's view, although his parole expired on March 18, 2002, he still is being held in custody and, thus, entitled to habeas corpus relief. As we will explain, we disagree both with the petitioner's reasoning and conclusion. First, he has overlooked Tennessee Code Annotated section

40-28-122(a), a provision of which resulted in his no longer receiving sentence credits upon issuance of the parole violation warrant in 1999:

> Whenever there is reasonable cause to believe that a parolee has violated parole and a parole violation warrant has been issued, the director of probation and parole may declare such parolee to be delinquent and the parolee will stop earning credit for service of the parolee's sentence from the date the warrant was issued until the removal of delinquency by the board.

Tenn. Code Ann. § 40-28-122(a) (2003).

Thus, the record does not show that the petitioner's sentence has expired, the theory upon which this claim is based. Likewise, as we will explain, the petitioner's right to a speedy revocation began upon execution of the warrant, not its issuance, as he believes.

In Moody v. Daggett, 429 U.S. 78, 80, 97 S. Ct. 274, 275 (1976), the petitioner had been convicted of rape on an Indian reservation in 1962 and received a sentence of ten years, from which he was paroled on 1966. Before his parole had expired, he shot and killed two persons on the Fort Apache Indian Reservation, resulting in his being convicted of second degree murder and manslaughter and receiving concurrent ten-year sentences. Soon after his incarceration for the new offenses, the United States Board of Parole issued a parole violation warrant, which was lodged as a detainer with the facility where the petitioner was being housed. However, the parole violation warrant was not served on the petitioner, the Board saying that it would be served upon his release from his new sentences. Relying on Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), the petitioner filed a federal habeas corpus action in 1975, seeking dismissal of the warrant because, in his view, he had been denied a prompt revocation hearing. Explaining its previous holding in Morrissey, 408 U.S. at 488, 92 S. Ct. at 2603, the Court concluded that the petitioner was not entitled to a parole revocation hearing until he had been taken into custody as a parole violator:

> In the present case, where petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which Morrissey requires upon arrest for a parole violation. This is so both because the subsequent conviction obviously gives the parole authority "probable cause or reasonable ground to believe that the . . . parolee has committed acts that would constitute a violation of parole conditions," 408 U.S. at 485, 92 S. Ct. at 2602, and because issuance of the warrant does not immediately deprive the parolee of liberty. The 1976 Act calls for no preliminary hearing in such cases. 18 U.S.C. § 4214(b)(1) (1976 ed.); see 28 CFR § 2.48(f) (1976).

Moody, 429 U.S. at 86 n.7, 97 S. Ct. at 278 n.7.

This holding in Moody was applied in Rickey Stephan Cotten v. Tennessee Board of Paroles, No. M2001-00875-COA-R3-CV, 2002 WL 1484446, at *1 (Tenn. Ct. App. July 12, 2002), perm.

to appeal denied (Tenn. Dec. 2, 2002), where the petitioner had been paroled from his Tennessee sentence in 1997 and, before this sentence had expired, was charged in Orlando, Florida, on January 14, 1998, with "grand theft auto." On January 20, 1998, the Tennessee Board of Paroles issued a parole violation warrant. On May 28, 1998, he entered a plea of *nolo contendere* to the Florida charge and was sentenced to seven and one-half years, to be served concurrently with any sentence he might receive as a Tennessee parole violator. The petitioner then sought to be returned to Tennessee to deal with the parole violation warrant. However, because of overcrowding in the Tennessee prison system, his request was denied. He next sought to waive his right to be present at the parole violation hearing and asked that any sentence he received as the result of the parole violation be served concurrently with his Florida sentence. After receiving no response to his requests, he filed a petition for writ of mandamus, asking that the board be ordered to grant his request for an *in absentia* hearing and arguing that he had a "constitutionally protected right to a revocation hearing within a reasonable time of the service of a parole revocation warrant." Id. at *3.

In assessing the petitioner's argument, the court of appeals noted that, according to Tennessee Code Annotated section 40-28-121(a), a parole violation warrant "is executed 'by taking the prisoner and returning the prisoner to a prison, workhouse or jail to be held to await the action of the board.'" Id. The court explained that the due process right of an alleged parole violator to a hearing does not exist until he is in custody of the entity seeking the revocation:

> While due process requires that a person accused of violating parole receive a revocation hearing within a reasonable time after being taken into custody, Morrissey v. Brewer, 908 U.S. 471, 488, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484, __ (1972), that "reasonable time" does not begin to run until custody begins on the alleged parole violation. Thus, due process is triggered only when the parolee is taken into custody for the parole violation, rather than when the warrant or detainer is lodged. The issuance of a warrant and the lodging of a detainer while the person is incarcerated elsewhere for a separate crime, do not constitute being taken into custody. Moody, 429 U.S. at 86- 87; United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994); United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993).

Id. at *5.

Thus, in the present appeal, as in Rickey Stephan Cotten, the petitioner, while in the custody of another state, was notified that a parole violation warrant had been issued, but he was not taken into custody by Tennessee. Issuance of the warrant did not trigger the right to a parole violation hearing within a reasonable time. Accordingly, in the present appeal, the petitioner filed this action to pursue a right which did not yet exist.

## CONCLUSION

Since the petitioner had not been taken into custody pursuant to the Tennessee parole violation warrant, he had no right to a speedy hearing. Thus, we affirm the post-conviction court's dismissal of the petition.

_____
ALAN E. GLENN, JUDGE