[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12250
Non-Argument Calendar
_____

D. C. Docket No. 05-00122-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEMARCUS ADRICE HINTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 7, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Lamarcus Hinton appeals the revocation of his supervised release and

sentence of 24 months of imprisonment. Hinton argues that the district court deprived him of due process when it failed to conduct a revocation hearing within a reasonable time. See Fed. R. Crim. P. 32.1(b); Morrissey v. Brewer, 408 U.S. 471, 488, 92 S. Ct. 2593, 2603–04 (1972). Hinton contends that the delay of almost two years between when he self-reported a violation of his supervised release and his revocation hearing was unreasonable. We affirm.

Because Hinton raises this argument for the first time on appeal, we review for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

Due process requires that a revocation hearing "be tendered within a reasonable time after the parolee is taken into custody" for violating the conditions of parole. Morrissey, 408 U.S. at 488, 92 S. Ct. at 2603–04. "The same protections granted those facing revocation of parole are required for those facing the revocation of supervised release." United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994). The Supreme Court has also stated that because "the loss of liberty as a parole violator does not occur until the parolee is taken into custody," there is "no constitutional duty to provide [the parolee] an adversary parole hearing until he is taken into custody as a parole violator." Moody v. Daggett, 429 U.S. 78, 87–89, 97 S. Ct. 274, 279–80 (1976). Rule 32.1 also requires that a court "hold the

revocation hearing within a reasonable time in the district court having jurisdiction." Fed. R. Crim. P. 32.1(b)(2).

The district court did not plainly err. The district court conducted Hinton's revocation hearing over two years after Hinton's violation of his supervised release, but Hinton remained free of federal custody during the two-year period. Although we have not addressed the trigger from which a "reasonable time" is measured under Rule 32.1, the former Fifth Circuit held that the execution of a warrant for a parole violation and the taking into federal custody of the parole violator "is the operative factor in triggering the availability of the revocation hearing" required by Morrissey. See Cook v. United States Att'y Gen., 488 F.2d 667, 671 (5th Cir. 1973). Other circuits also have concluded that the revocation hearing required by Rule 32.1(b) must be held within a reasonable time after the offender is taken into federal custody for violating the conditions of his probation or supervised release. See United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993); see also United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004).

Hinton's sentence is

**AFFIRMED.**