**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4195**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL HAMILTON, a/k/a James Jones, a/k/a Stacy,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Thomas David Schroeder, District Judge. (1:94-cr-00066-TDS-1)

———————

Submitted: December 16, 2009        Decided: January 8, 2010

———————

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hamilton appeals the district court's judgment revoking his term of supervised release and sentencing him to forty-six months' imprisonment and fourteen months' supervised release. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting she searched the record and did not find any meritorious issues for appeal. Counsel indicated she found the record did not support Hamilton's claims that he did not receive a preliminary hearing, and if he did receive such a hearing, it was unreasonably delayed and that he should have been allowed to proceed pro se during the preliminary hearing. Hamilton filed a pro se supplemental brief raising those claims. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); id. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S.

2

_Sentencing Guidelines Manual_, Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

Rule 32.1(a)(1) of the Federal Rules of Criminal Procedure provides that when a person is "held in custody for violating . . . supervised release," that person must be taken "without unnecessary delay" before a magistrate judge for an initial appearance. Rule 32.1(b)(1)(A) provides, in relevant part, that "[i]f a person is in custody for violating a condition of . . . supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Further, the revocation hearing must be conducted within a "reasonable time" in the district court having jurisdiction. Fed. R. Crim. P. 32.1(b)(2).

We find Hamilton's claim that there was no preliminary hearing to be without merit. Clearly, the hearing on September 23, 2008, was just such a hearing. Furthermore, insofar as Hamilton claims there was an unreasonable delay until he received the preliminary hearing, the claim is without merit because Hamilton was not prejudiced by any such delay. See

3

United States v. Santana, 526 F.3d 1257, 1260-61 (9th Cir. 2008). Hamilton fails to show that the delay somehow impaired his ability to defend himself against the charge that he violated the terms of supervised release. See United States v. Chaklader, 987 F.2d 75, 77 (1st Cir. 1993).

We further find Hamilton did not have a Sixth Amendment right to proceed pro se during the course of the proceedings. See United States v. Hodges, 460 F.3d 646, 650-51 (5th Cir. 2006). The right to counsel at a preliminary hearing or revocation hearing comes from Rule 32.1(b)(1)(B)(i) and (b)(2)(D) (defendant has a right to retain counsel or request that counsel be appointed). Hamilton cannot show he was prejudiced because the court did not permit him to proceed pro se during the preliminary hearing or the revocation hearing.

We find the district court did not clearly err in determining Hamilton violated the terms of his supervised release. We further find the forty-six month term of imprisonment and the fourteen months' supervised release was reasonable as there were no procedural or substantive errors.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the

4

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED