**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4444**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MIGUEL ELOIZA ARELLANO,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:00-cr-00212-FDW-2)

Submitted: March 30, 2016        Decided: April 13, 2016

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Eloiza Arellano appeals the revocation of his supervised release and resulting 30-month sentence. Arellano argues that the district court erred in denying his motion to dismiss the "Petition for Warrant for Offender Under Supervision," alleging he was deprived of due process when the hearing was not held within a "reasonable time" as required by Fed. R. Crim. P. 32.1(b)(2). We affirm.

Due process requires that a revocation hearing "be tendered within a reasonable time after the parolee is taken into custody" for violating the conditions of parole. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). The same protections granted those facing parole revocation are extended to those facing the revocation of supervised release. Fed. R. Crim. P. 32.1(b); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The Supreme Court has also stated that, because "the loss of liberty as a parole violator does not occur until the parolee is taken into custody," there is "no constitutional duty to provide [the parolee] an adversary parole hearing until he is taken into custody as a parole violator." Moody v. Daggett, 429 U.S. 78, 87-89 (1976).

Rule 32.1 requires that a court "hold the revocation hearing within a reasonable time in the district court having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). Arellano argues

2

that a "delay of approximately six (6) years and seven (7) months between the filing of the petition and a final supervised release hearing was not within a 'reasonable time'" as required under . . . Rule 32.1(b)(2) particularly when [his] whereabouts were known the entire time."

The Government contends Arellano did not have a constitutional right to an adversarial hearing until he was taken into custody pursuant to the alleged violation. Indeed, the execution of a warrant for a parole violation and the taking into federal custody of the parole violator "is the operative factor in triggering the availability of the revocation hearing" required by Morrissey. See Moody, 429 U.S. at 87-89. Other circuits also have concluded that the revocation hearing required by Rule 32.1(b) must be held within a reasonable time after the offender is taken into federal custody for violating the conditions of his probation or supervised release. See United States v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004) ("Rule 32.1 exists to protect the probationer from undue federal incarceration and to protect the probationer's ability to defend the violation allegations. . . . Because of Pardue's pending state charges, no undue federal incarceration occurred."); United States v. Chakledar, 987 F.2d 75, 77 (1st Cir. 1993) ("[T]here is 'no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a

3

parole violator.'" (quoting Moody, 429 U.S. at 89)); McDonald v. N. M. Parole Bd., 955 F.2d 631, 633 (10th Cir. 1991) (noting "hearing requirements and time limitations" applicable to a final revocation hearing "must be adhered to only after the parolee is taken into custody as a parole violator"). Arellano points to no legal authority holding otherwise.

Arellano was taken into custody pursuant to the Petition on March 25, 2015. After making an initial appearance on April 15, he appeared for a preliminary hearing before a magistrate judge on April 20, 2015. His supervised release hearing was held on July 7, 2015. Arellano does not argue, nor do we find, that the time between being taken into federal custody on the violation until the hearing was unreasonable under Rule 32.1(b)(2).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4