**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 94-10265
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**LEE MURRAY TIPPENS,**

**Defendant-Appellant.**

_____

**Appeals from the United States District Court
for the Northern District of Texas
(4:89-CR-145-K c/w 4:89-CR-201-K(1))**
_____

(November 21, 1994)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Lee Murray Tippens appeals the denial of his motion to dismiss a petition for revocation of his supervised release. We **AFFIRM**.

I.

After being indicted in August and September 1989, Tippens pled guilty in January 1990 to violation of 18 U.S.C. §§ 1029(a)(2) (unauthorized use of an access device) and 4343 (wire fraud). The district court sentenced him in March 1990 to concurrent 24 month terms of imprisonment on each count, and a three year term of supervised release. One of the conditions of the supervised release was that Tippens would not commit another federal, state, or local crime. He was released from custody in May 1991.

That August, while on supervised release, Tippens pled guilty, in Texas state court, to the charge of forgery by possession of a check with intent to pass and was sentenced to a 20 year term of imprisonment. That same month, the district court issued a warrant for Tippens' arrest for violation of the supervised release condition. The government, however, did not execute the warrant at that time.[1] On February 11, 1994, Tippens was released from state custody and delivered to federal custody as a result of the violator's warrant.

The government subsequently moved to revoke Tippens' supervised release based on his state offense. In response, Tippens moved to dismiss the motion. In March 1994, the district court denied Tippens' motion; it then ruled that Tippens had violated the conditions of his supervised release by committing the state offense and sentenced him to 24 months imprisonment.

## II.

Tippens challenges the denial of his motion to dismiss the motion to revoke, not the revocation. He bases his challenge on the nearly 30 month delay in the execution of the violator's warrant, which he asserts violated the Fourth, Fifth, and Sixth Amendments.[2]

---

[1] At the subsequent hearing on revocation of supervised release, Tippens' probation officer testified that the violator's warrant was not executed because Tippens was serving the state 20 year sentence.

[2] Although Tippens claims a Fourth Amendment violation, he did not brief the issue. Accordingly, he has waived that challenge. *E.g.*, **United States v. Miller**, 666 F.2d 991, 998 n.6 (5th Cir.), *cert. denied*, 456 U.S. 964 (1982).

Tippens contends that the 30 month delay violated his Sixth Amendment right to a speedy trial. Reliance on the right to a speedy trial is misplaced. Our court has held that the right to a speedy trial is not applicable to probation and parole revocation hearings, because they are not stages of a criminal prosecution. *United States v. Williams*, 558 F.2d 224, 226 (5th Cir. 1977) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). Furthermore, we have stated unequivocally that "[s]upervised release revocation hearings are not criminal proceedings." *United States v. Marmolejo*, 915 F.2d 981, 983 (5th Cir. 1990).

Tippens does not challenge the timeliness of his hearing following his arrest; as stated, he contests only the timeliness with which the violator's warrant was executed. Although this court has not addressed this issue directly, it is sufficiently similar to the above referenced cases to compel the same result. We hold that the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement. *See Moody v. Daggett*, 429 U.S. 78 (1976).

B.

Nevertheless, speedy trial cannot be completely divorced from the array of rights embraced by the Fifth Amendment's due process clause. *Williams*, 558 F.2d at 226. Persons on supervised release have procedural due process rights in the context of revocation hearings. *United States v. Ayers*, 946 F.2d 1127, 1129 (5th Cir. 1991) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

Therefore, Tippens' contention that the 30 month delay violated the Fifth Amendment's due process clause needs to be considered separately.

Probationers and parolees have virtually identical constitutional due process rights in revocation hearings. ***Gagnon***, 411 U.S. at 783. Our court has recognized that a delay in executing a violator's warrant may frustrate a probationer's due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence. ***Williams***, 558 F.2d at 226-28. Tippens has not asserted such prejudice, but maintains instead that had the warrant been executed when issued, he could have served the federal and state sentences concurrently. This court rejected a similar argument in ***United States v. Fisher***, 895 F.2d 208, 211 (5th Cir.), *cert. denied*, 495 U.S. 940 (1990), as did the Supreme Court in ***Moody***. In ***Moody***, the Court ruled that a parolee is not constitutionally entitled to a revocation hearing immediately upon the issuance of the violation warrant; even when the warrant has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee taken into custody. ***Moody***, 429 U.S. at 87-89.

Tippens has not been prejudiced by the delay. It did not impair his ability to contest the revocation. And, the district court had the ability "to grant, retroactively, the equivalent of concurrent sentences." ***Moody***, 429 U.S. at 87; *see* ***Fisher***, 895 F.2d at 211; U.S.S.G. Ch. 7, Pt. A, intro. comment. 2(b) ("When the

- 4 -

court finds that the defendant violated a condition of supervised release, it may continue the defendant on supervised release, with or without extending the term or modifying the conditions ....").[3]

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[3]    Relying upon **Morrissey** and **Moody**, Tippens contends also that he was entitled to speedy notice of the filing of the allegations for revocation of his supervised release.  Only upon arrest, however, is the liberty interest of the due process clause triggered. **Moody**, 429 U.S. at 87 ("we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation.")