**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**FEBRUARY SESSION, 1999**

FILED

March 31, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **No. 01C01-9803-CC-00153** |
| **Appellee** | ) | |
| | ) | **GILES COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. William B. Cain, Judge** |
| **SAMUEL KIMOE ROBINSON,** | ) | |
| | ) | **(Revocation of Probation)** |
| **Appellant** | ) | |

For the Appellant:

**Samuel K. Robinson, *Pro Se***
201 East Sixth Street
Columbia, TN 38401

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Georgia Blythe Felner**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**T. Michael Bottoms**
District Attorney General
252 N. Military Avenue
Lawrenceburg, TN 38464

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Samuel Kimoe Robinson, proceeding *pro se*, appeals from the order of the Giles County Circuit Court revoking his probation. On appeal, the appellant contends that he was denied minimal due process guaranties.

Following review, we affirm the judgment of the trial court.

BACKGROUND

On February 20, 1997, the appellant pled guilty to twenty-two criminal offenses. These included aggravated burglary, burglary, theft and vandalism. For these crimes, he received an effective fifteen year sentence with all time suspended. The conditions of his probated sentence included scheduled restitution payments and payments for cost and supervision fees.

On March 13, 1997, after being on probation for three weeks, a probation violation warrant issued which charged violation of the following rules: Rule 1, failure to obey the law; Rule 2, failure to report all arrests; Rule 4, failure to obtain employment; Rule 5, leaving the state without permission; Rule 6, failure to report to probation officer; Rule 8, failure to pay required fees; Rule 9, failure to submit to scheduled drug screens; and Rule 10, special conditions - failure to pay restitution. Of the ten rules of probation, the appellant violated all but two; however, in his closing statement at the revocation proceeding, he acknowledged violation of Rule 7, use of drugs, when he related, "I was upset at myself for going back to drugs, just almost maybe four days after getting out of jail." The only violation untouched by the appellant was Rule 3, possession of a firearm. The probation violation warrant related additional pending burglary and theft charges against the appellant which occurred on March 6, 1997 in Giles County. The appellant was eventually arrested

2

in Racine, Wisconsin, and transported back to Giles County. The record indicates that the probation violation warrant was served on the appellant on May 12, 1997.

On March 3, 1998, a probation violation hearing was held in the Circuit Court of Giles County. With the exception of denying the new arrest charges in Giles County, the appellant presented no defense to the alleged rule violations for which he was charged. In mitigation, he related to the court:

> Pulaski is a very small town and there is a lot of temptation around. . . .
> That's why eventually I got tired of it and I called my friend and we left
> . . . I was upset at myself for going back on drugs . . . I left here with
> the intent to start over and do maybe what I was supposed to do at
> least half way. . . .

At the conclusion of the hearing, the trial court entered into the record detailed findings of fact supporting revocation of the appellant's probation.

ANALYSIS

The appellant does not dispute the fact that the proof was sufficient to support revocation of his probationary status. Rather, on appeal, he argues (1) violation of his Sixth Amendment right to a speedy trial and (2) various due process violations. The State argues that these two enumerated issues were not raised by the appellant at trial level and are presented for review for the first time on appeal.

Generally, appellate courts review only questions presented for determination in the lower court. Hester v. State, 450 S.W.2d 609, 611 (Tenn. Crim. App. 1969). During the appellant's opening statement at the revocation hearing, he alluded to a probationer's right to a "reasonably prompt hearing" and to a probationer's due process rights. No request for relief upon these generalized grounds was ever presented and it is altogether unclear the context in which these statements were made. Rule 47, Tenn. R. Crim. P., requires that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order

3

sought." Because we find these issues are now being raised for the first time on appeal, we find them to be waived. Tenn. R. App. P. 36(a). Notwithstanding procedural default, we elect review of the appellant's issues.

## A. SPEEDY TRIAL CLAIM

The appellant asserts that his constitutional right to a speedy trial was denied because of the excessive delay between the date of his arrest and the scheduled probation hearing.[1] In his brief, the appellant contends that the delay was "10.75" months. The record, however, is silent as to when the appellant was returned to the state of Tennessee following his arrest and incarceration in Wisconsin. Even assuming for argument's sake that the occasioned delay was "10.75" months, a mere lapse of time, absent more, does not constitute a denial of the right to a speedy trial. State v. Bishop, 493 S.W.2d 81, 84 (Tenn. 1973); State v. Ensley, 956 S.W.2d 502, 509 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997). In Bishop, 493 S.W.2d at 84, our supreme court adopted the Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972), four part balancing test to determine whether the right to a speedy trial has been abridged. If the length of the delay is not presumptively prejudicial, the other balancing factors need not be considered. Barker, 407 U.S. at 530, 92 S.Ct. at 2192. A delay of one year or longer "marks the point at which courts deem the delay unreasonable enough to trigger the Barker inquiry." Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, n. 1

---

[1]In Allen v. State, 505 S.W.2d 715, 719 (Tenn. 1974), our supreme court extended the right to a speedy trial to probation revocation proceedings. Speaking for the court in Allen, Special Justice Leech concluded that a probation revocation proceeding is a criminal prosecution. In so holding, the court relied upon the Sixth Amendment provision, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . .," (emphasis in original), and Article 1, § 9 of the Tennessee Constitution provision, "[t]hat in all criminal prosecutions, the accused hath the right to . . . a speedy public trial . . . ." (emphasis in original). Allen, 505 S.W.2d 717-718. We note, however, that following the Allen decision, numerous federal courts have held that the Sixth Amendment right to a speedy trial does not apply to "probation revocation proceedings, since they are not 'criminal proceedings'" within the meaning of the constitutional guaranty. See United States v. Jackson, 590 F.2d 121, 122-123 (5th Cir.), cert. denied, 441 U.S. 912, 99 S.Ct. 2012 (1979) (citation omitted); see also United States v. Tippens, 39 F.3d 88, 89 (5th Cir. 1994); United States v. Taylor, 931 F.2d 842, 848 (11th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1191 (1992);; United States v. Williams, 558 F.2d 224 (5th Cir. 1977); United States v. Sackinger, 537 F. Supp. 1245, 1248, n. 3 (W.D. N.Y. 1982), aff'd, 704 F.2d 29 (2d Cir. 1983).

4

(1992). Because we find the alleged delay was not presumptively prejudicial, we conclude the appellant was not denied his right to a speedy trial.

## B. DUE PROCESS

This state recognizes that a probationer has a liberty interest which is protected by due process of law. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993); State v. Stubblefield, 953 S.W.2d 223 (Tenn. Crim. App. 1997); Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974), cert. denied, (Tenn. 1975). Accordingly, the appellant contends that his due process rights were violated by the State's: (1) failure to provide the "guaranteed" preliminary hearing following his arrest for revocation of probation; (2) failure to be "served a written notice of violations;" (3) failure to be "given a disclosure of prepatory [sic] evidence prior to the hearing;" and (4) failure to be provided with "a written decision stating facts as to why revocation ensued." See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593 (1972).

The State contends that, under our statutory scheme, the preliminary hearing is not required. We agree. The appellant erroneously relies upon Gagnon, 411 U.S. 778, 93 S.Ct. 1756 and Morrissey, 408 U.S. 471, 92 S.Ct. 2593, for the proposition that he is guaranteed a preliminary hearing. However, Tennessee's statutory scheme does not require a preliminary hearing in probation revocation proceedings and fully complies with constitutional requirements. See Practy, 525 S.W.2d at 682 ("proceedings in this State for revocation . . . more than comply with the mere minimal requirements stated in Morrissey and Gagnon"); see also Massey v. State, 929 S.W.2d 399, 401 (Tenn. Crim. App. 1996).

Next, the appellant contends that he was not served with a written notice of the violations. A defendant on probation is entitled to a written notice of the allegations that form the basis for the revocation proceeding. Gagnon, 411 U.S. at

5

786, 93 S.Ct. at 1761-1762. As previously noted, the record establishes that the appellant was served with the warrant including the affidavit containing all of the alleged violations on May 12, 1997.

Third, the appellant contends the State denied him due process by failing to provide disclosure of evidence prior to the hearing. Specifically, he contends the State failed to disclose "various exhibits of evidence" used at the hearing and "two witnesses" that testified preventing him from preparing an adequate defense. The record is void of any request by the appellant to examine any evidence, nor is there evidence that this right was denied by the State. See State v. Robinson, 03C01-9709-CR-00405 (Tenn. Crim. App. at Knoxville, June 3, 1998).

With regard to the final alleged due process violation, the appellant contends that he was not provided a written decision indicating the reasons his probation was revoked. The trial court made oral findings of fact on the record at the conclusion of the hearing summarizing the evidence and grounds for the appellant's probation revocation. This court has held that the trial court's authentication of a transcript of the hearing in which the trial court's oral findings are included, meet this requirement of due process. State v. Delp, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1980); State v. Crowe, 03C01-9606-CC-00225 (Tenn. Crim. App. at Knoxville, July 29, 1997).

In sum, the appellant was given prior notice of the revocation hearing, notice of the alleged violations, the right to cross-examine the two witnesses, call witnesses in his defense, and testify on his own behalf. The requirements of due process were satisfied.

The judgment of the trial court is affirmed.

6

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JAMES CURWOOD WITT, JR., Judge


_____
JOHN EVERETT WILLIAMS, Judge