United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 05-40252

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GARCIA-AVALINO,

Defendant-Appellant.

—————————

Appeal from the United States District Court
For the Eastern District of Texas

—————————

Before JOLLY, SMITH, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Juan Garcia-Avalino ("Garcia-Avalino") appeals the revocation of his supervised release. He argues that the district court lacked jurisdiction to consider the violation of his supervised release because the warrant on which he was arrested was not supported by oath or affirmation.

Garcia-Avalino pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326. The district court sentenced him to twenty-one months' incarceration and three years' supervised release. He was deported to Mexico the day he was released from prison.

His period of supervised release began that day and was set to expire in January 2004.

In March 2003, Garcia-Avalino was arrested for felony hit-and-run, among other offenses. He was indicted on these charges that August. In October 2003, the United States Probation Officer assigned to Garcia-Avalino's case in the Eastern District of Texas submitted to the district court an unsworn application for the revocation of Garcia-Avalino's supervised release. The district court issued a warrant for Garcia-Avalino's arrest on the basis of that application. In December 2004, the Probation Office submitted an amended application for revocation containing the same allegations as the first application but also including the attestation: "I declare under penalty of law that the foregoing is true and correct." The district court signed a second warrant on the basis of this application.

At his revocation hearing, Garcia-Avalino filed a motion to dismiss on the ground that the district court did not have jurisdiction in the case. He argued that both warrants were defective, the first because it was not supported by oath or affirmation and the second because it was issued after Garcia-Avalino's period of supervised release had expired. The district court denied the motion to dismiss. Garcia-Avalino pleaded guilty to the allegations of revocation but reserved the right to appeal the district court's jurisdictional ruling.

"We review the district court's jurisdiction to revoke a defendant's supervised release *de novo*." *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005). "The power of the court to revoke a term of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of . . . a violation." 18 U.S.C. § 3583(i).

Garcia-Avalino argues that the first warrant, issued before his term of supervised release expired, was defective because it was not supported by oath or affirmation. Conceding that the statute does not contain an express oath or affirmation requirement, he directs our attention to a Ninth Circuit opinion holding that "the plain meaning of the term 'warrant' means a document that is based upon probable cause and supported by sworn facts." *See United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004). He notes that we cited *Vargas-Amaya* with approval in *English*[1] and asks us to adopt its holding here.

In reaching its conclusion that a sworn-facts requirement is implicit in the term "warrant," the Ninth Circuit pointed to the Fourth Amendment's Oath or affirmation requirement and multiple statutes that require arrest warrants to be based upon sworn statements. *See* U.S. CONST. AMEND. IV; FED. R. CRIM. P. 4, 9. Explicit oath or affirmation requirements, however, are not proof that there is an implicit sworn-facts requirement embedded in the very meaning of the word "warrant" as a legal term. If anything, such examples suggest the converse, i.e. that a valid warrant need not be supported by sworn facts unless a specific statutory provision requires such support. Garcia-Avalino cites, and we can find, no statute that does not contain a sworn-facts requirement but that has been read to require support by sworn facts anyway.

By contrast, at least two statutes have authorized the issuance of a warrant not supported by sworn facts. Pursuant to18 U.S.C. § 3148(b), a district court may issue a warrant for the arrest of

---

[1] Because the warrant at issue in *English* was substantially different from the one in question in *Vargas-Amaya*, we did not have a full opportunity to consider whether the latter was correctly decided. Our favorable citation to that case is dicta and is not binding on us here.

someone on pretrial release based solely on a motion by the government.[2] While this statute applies in a context different from the one at issue in this case, "its existence refutes [the] suggestion that issuing warrants based on unsworn allegation is statutorily unprecedented." *United States v. Vargas-Amaya*, 408 F.3d 1227, 1231 (9th Cir. 2005) (Callahan, J. dissenting from order denying government's petition for rehearing *en banc*). The other statute, while not currently in effect, is closer in legal context. 18 U.S.C. § 717, the predecessor statute to today's 18 U.S.C. § 3606,[3] authorized wardens to issue warrants for the arrest of parolees and contained no express sworn-facts requirements.[4] Construing § 717, the Fourth Circuit expressly held that a warrant issued for the arrest of a parolee did not need to be supported by sworn facts. *See Jarman v. United States*, 92 F.2d 309, 310-311 (4th Cir. 1937). In light of these statutes and the cases interpreting them, Garcia-Avalino's contention that any statute that contains the word "warrant" has always been and must be read to include an implicit sworn-facts requirement does not withstand scrutiny.

---

[2] The statute reads:
> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section.

18 U.S.C. § 3148(b).

[3] While section 3583 extends the jurisdiction of a court to hold revocation hearings after the term of supervised release has expired, section 3606 actually governs the issuance of warrants for the arrest of probationers or supervised releasees.

[4] That statute stated:
> If the warden of the prison . . . from which the prisoner was paroled or the Board of Parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence may issue his warrant to any officer hereinafter authorised to execute the same for retaking of such prisoner.

18 U.S.C. § 717 (1934).

Garcia-Avalino next contends that section 3583(i) should be read to incorporate the Fourth Amendment's Oath or affirmation requirement to avoid an unconstitutional interpretation of the statute. In other words, he argues that a warrant for the arrest of a supervised releasee must comport with the Oath or affirmation requirement. This proposition does not find support in the case law. The *Jarman* court, for example, held that warrants for the retaking of parolees are not true arrest warrants that must comport with the Fourth Amendment. *Jarman,* 92 F.2d at 310. Other courts, including this one, that have considered the constitutional status of parolees and supervised releasees[5] have also concluded that such persons do not enjoy the full spate of constitutional rights enjoyed by criminal defendants. *See Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 365-366 and n.5 (1998) (noting that parolees in parole revocation hearings are "not entitled to the 'full panoply' of rights to which criminal defendants are entitled") (quoting and citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)); *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994) (explaining that the Sixth Amendment right to a speedy trial does not apply to parole, probation, or supervised release revocation proceedings); *United States v. Polito*, 583 F.2d 48, 54 (2nd Cir. 1978) (stating that parolees "are different from other citizens and they may, in certain circumstances, possess fewer constitutional rights"); *Hyser v. Reed*, 318 F.2d 225, 237 (D.C. Cir. 1963) (Sixth Amendment does not extend to parole revocation hearings). Given the relaxed constitutional norms that apply in revocation hearings, a warrant for the arrest of a supervised releasee need not comply with the Oath or affirmation clause of the Fourth Amendment. Consequently, we reject Garcia-Avalino's

---

[5] We do not distinguish between parolees and those on supervised release for the purpose of determining their constitutional rights. *Tippens*, 39 F.3d at 90 (measuring the constitutional rights of parolees and probationers to determine the constitutional rights of a supervised releasee); *see also United States v. Kincade*, 379 F.3d 813, 817 n.2 (9th Cir. 2004) ("Our cases have not distinguished between parolees, probationers, [or] supervised releasees for Fourth Amendment purposes.").

contention that, to avoid interpreting section 3583 in a way that would render it unconstitutional, we must read a sworn-facts requirement into the term "warrant."

Neither the plain language of section 3583 nor the principle of constitutional avoidance suggests that the district court did not have jurisdiction over Garcia-Avalino because the warrant was not supported by sworn facts. For that reason, we AFFIRM the judgment of the district court.