United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10954
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANANIAS DEMETRIUS NICKERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 3:99-CR-112-6
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ananias Nickerson pleaded guilty of possession with intent to distribute cocaine base; he was sentenced to 27 months of imprisonment and five years of supervised release. He appeals the three-year term of imprisonment imposed following the revocation of his term of supervised release.

Nickerson argues that the district court erred by refusing to hold his revocation hearing within a reasonable time under FED. R.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

CRIM. P. 32.1. The Sixth Amendment right to a speedy trial is not applicable to revocation hearings. See United States v. Tippens, 39 F.3d 88, 89-90 (5th Cir. 1994). The right to a revocation hearing accrues once the warrant has been executed and the defendant has been taken into federal custody. Id. Nevertheless, due process rights may be impeded by a delay in the execution of a warrant "if the delay undermines [defendant's] ability to contest the issue of the violation or to proffer mitigating evidence." Id. The record does not reflect that Nickerson suffered any specific prejudice from the delay in executing the warrant. Moreover, the two-month delay between the execution of the warrant and the revocation hearing was not unreasonable.

Nickerson argues that the sentence is unreasonable. Although the three-year term of imprisonment imposed on revocation of supervised release exceeded the sentencing range indicated by the policy statements in chapter 7 of the sentencing guidelines, it did not exceed the statutory maximum term of imprisonment the district court could have imposed. See 18 U.S.C. § 3583(e)(3). Accordingly, Nickerson's revocation sentence was neither "unreasonable" nor "plainly unreasonable." See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

AFFIRMED.