IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-30817
Summary Calendar

ORLANDO CORDERO,

Petitioner-Appellant,

v.

J.P. YOUNG;
MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:05-CV-1894

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Orlando Cordero, federal prisoner # 18357-004, appeals the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his 28 U.S.C. § 2241 petition in which he challenges the revocation of his parole. Cordero argues that the delay between the time the parole violator warrant was issued and his parole revocation violated his due process rights and caused him prejudice. This argument is unavailing.

The right to a revocation hearing does not accrue "until the warrant has been executed and the parolee taken into custody." United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994). Once the United States Parole Commission executed the warrant, Cordero was entitled to a revocation hearing within ninety days. See 18 U.S.C. § 4214(c) (repealed Nov. 1, 2005). The warrant was issued on October 15, 1998, but was not executed until February 15, 2005. Thus Cordero's right to a revocation hearing did not accrue until the latter date, and the revocation hearing, held on April 6, 2005, was timely.

Moreover, because Cordero's parole was revoked based on his guilty plea conviction for a violation of 21 U.S.C. § 846, he cannot demonstrate that his parole would not have been revoked had the hearing been held earlier, and thus he cannot demonstrate that the delay prejudiced his ability to contest the revocation. See Tippens, 39 F.3d 89-90.

Cordero's contention that his deportation from the United States terminated the Parole Commission's jurisdiction is without merit, because deportation does not terminate supervised release, so the Commission retained jurisdiction over Cordero. See United States v. Brown, 54 F.3d 234, 237-39 (5th Cir. 1995). Cordero's parole began on July 13, 1992, with a full-term release date of December 13, 1998. Therefore, he was on parole, and subject to the Commission's jurisdiction, when he committed the acts charged in the offense that led to his parole revocation.

Cordero's challenge to his 1998 plea agreement is unavailing, because he cannot show that a 28 U.S.C. § 2255 motion would have been inadequate or ineffective to address his claims. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). And, because Cordero was required to file a § 2255

motion in the district where he was convicted (the Southern District of New York), the Western District Court of Louisiana lacked jurisdiction to consider his § 2255 motion on the merits. See United States v. Weathersby, 958 F.2d 65, 66 (5th Cir.1992).

AFFIRMED.