**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50874
Summary Calendar

PAUL R GONZALEZ,

Petitioner-Appellant

v.

LAURA CORTEZ, Supervisor, Region 5, Texas Department of Criminal Justice
Parole Division; STACIE RAY, Supervisor, Region 5, Texas Department of
Criminal Justice Parole Division; GAY GLASPIE, Assistant Director, Region 5,
Texas Department of Criminal Justice Parole Division; JOE FLORES, Director,
Region 5, Texas Department of Criminal Justice Parole Division; BRYAN
COLLIER, Director, Texas Department of Criminal Justice Parole Division,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CV-62

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul R. Gonzalez appeals the dismissal of his 42 U.S.C. § 1983 complaint.

*See* Fed. R. Civ. P. 12(b)(6). Gonzalez filed a civil rights complaint against Laura

Cortez, Stacie Ray, Gay Glaspie, Joe Flores, and Bryan Collier, all employees at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the relevant times of the Texas Department of Criminal Justice Parole Division. Gonzalez alleged that the defendants conspired to arrange for the issuance of a false parole violation warrant against Gonzalez. Gonzalez alleged that law enforcement officers arrived at his home to effectuate the warrant but left without executing it. Gonzalez asserted that the incident violated his liberty interests and caused him psychological trauma.

Gonzalez was not detained or arrested on the warrant and thus failed to show a violation of a constitutionally protected liberty interest. *See United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). Although he alleged that he suffered mental anguish from the incident, he may not recover under § 1983 for emotional distress absent a violation of his constitutional rights. *See Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985).

Gonzalez additionally argues that the defendants retaliated against him on the basis of his extensive correspondence to them over the course of two years in which he threatened to sue the defendants for various parole practices. Gonzalez produced no direct evidence of the defendants' motivations for two prior parole revocation arrests. His vague and conclusory assertions about both the chronology of events and the violation charges are insufficient to state a plausible claim that the violation charges were retaliatory in nature. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Gonzalez's appeal is DISMISSED.