NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3726
_____

UNITED STATES OF AMERICA

v.

CLIFFORD WAY,
　　　　　　　　　　　Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-94-cr-00379-002)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2010

Before:  SMITH, FISHER and GREENBERG, *Circuit Judges*.

(Filed: July 2, 2010)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

　　　Clifford Way appeals from a sentence imposed after the revocation of his

supervised release, arguing that the District Court lacked jurisdiction to impose the

sentence because his term of supervised release had already expired.  Because the

initiation of revocation proceedings during Way's term of supervised release extended the Court's jurisdiction to adjudicate the alleged violation after the term was set to expire, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On November 17, 1994, Way pled guilty in the United States District Court for the Eastern District of Pennsylvania to conspiring to distribute and possess with intent to distribute, and distributing and aiding and abetting the distribution of, more than 50 grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846. Way was sentenced to 84 months of imprisonment and five years of supervised release.

After several supervised release revocations,[1] Way began a three-year term of supervised release on April 8, 2005, which was set to expire on April 7, 2008. One year later, on April 8, 2006, Way was arrested and charged by state authorities with aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person, but was released on bail. Based on that arrest, the United States Probation Office submitted a petition to the District Court stating that Way had violated

[1]The prior revocations are not relevant to this appeal.

2

his supervised release and requesting that the Court issue a warrant for Way's arrest and hold a revocation hearing. A probation officer authored the petition, and a supervising officer signed the petition, but neither officer formally attested to any statement in the document by oath or affirmation. The District Court approved the petition and issued a warrant for Way's arrest on April 21, 2006.

On June 2, 2006, as a result of a separate incident, Way was arrested again and charged by state authorities with attempted murder, aggravated assault, kidnapping, unlawful restraint, harassment, possession of an instrument of crime, terroristic threats, and stalking. The Probation Office submitted an amended petition charging Way with an additional violation, and the District Court appended the amendment to the original violation petition. On May 20, 2009, Way was found guilty in state court of aggravated assault and kidnapping stemming from the June 2, 2006 incident. He was sentenced to 10 to 20 years of imprisonment.

Thereafter, on September 9, 2009, after holding a supervised release revocation hearing, the District Court revoked Way's supervised release and sentenced him to 49 months of imprisonment, to be served consecutive to the state term of 10 to 20 years of imprisonment. Way filed a timely appeal.[2]

---

[2]We have jurisdiction over the District Court's final decision pursuant to 28 U.S.C. § 1291.

3

II.

"We exercise plenary review over jurisdictional issues[.]" *United States v. Sczubelek*, 402 F.3d 175, 178 (3d Cir. 2005) (reviewing de novo whether the district court retained jurisdiction under 18 U.S.C. § 3583(i) to adjudicate a violation of the defendant's supervised release).

III.

On appeal, Way argues that the District Court lacked jurisdiction to revoke his supervised release and impose a sentence because his term of supervised release expired 17 months prior to the revocation. In particular, Way contends that 18 U.S.C. § 3583(i), which extends a court's power to adjudicate a violation if a warrant was issued prior to the term's expiration, does not apply to his case because it violates the *Ex Post Facto* Clause and, alternatively, because the warrant was not supported by "oath or affirmation" as required by the Fourth Amendment. We hold that § 3583(i) does not apply to Way's case because it was enacted after Way's offense conduct, but that the law prior to § 3583(i) conferred jurisdiction to revoke Way's supervised release.[3]

---

[3]Way also contends, as he must to prevail, that the District Court also did not have jurisdiction pursuant to 18 U.S.C. § 3624(e), which tolls a term of supervised release "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days," because Way had not yet been convicted during the relevant period of imprisonment. There is a circuit split on whether pretrial detention constitutes "imprisonment" for purposes of § 3624(e). *Compare United States v. Morales-Alejo*, 193 F.3d 1102 (9th Cir. 1999) (holding in the negative), *with United States v. Molina-Gazca*, 571 F.3d 470 (5th Cir. 2009) (holding in the affirmative), and *United States v. Goins*, 516

Congress enacted 18 U.S.C. § 3583(i) on September 13, 1994, as part of the Violent Crime Control and Law Enforcement Act of 1994. The provision allows a court to revoke a term of supervised release and order a term of imprisonment after the expiration of the term of supervised release "for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). To start, Way alleges that application of § 3583(i) to his case violates the *Ex Post Facto* Clause because his offense conduct occurred no later than August 23, 1994, a couple weeks prior to the enactment date. While we agree that § 3583(i) does not apply, we do not agree that we are presented with an *Ex Post Facto* issue.

The *Ex Post Facto* Clause, U.S. Const., Art. 1, § 9, "bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed[.]'" *Johnson v. United States*, 529 U.S. 694, 696 (2000) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)). To prevail on such a claim, the defendant must show that (1) "the law he challenges operates retroactively (that it applies to conduct completed before its enactment)" and (2) "it raises the penalty from whatever the law provided when he acted." *Id.* Way cannot meet the first prong of this test because Congress did not intend to apply § 3583(i) retroactively. *See id.* at 701-03 (holding that

_____

F.3d 416 (6th Cir. 2008) (same). Because we find that the District Court had jurisdiction based on the initiation of the revocation proceedings during Way's term of supervised release, we need not address this issue.

5

Congress did not intend to apply 18 U.S.C. § 3583(h) – enacted jointly with § 3583(i) – retroactively and thus that there was no *Ex Post Facto* issue under similar circumstances); *see also United States v. Bailey*, 259 F.3d 1216, 1218 n.3 (10th Cir. 2001) (extending *Johnson*'s reasoning to § 3583(i)).

The issue, rather, is whether § 3583(i) applies to Way's case. It does not. "[T]he general rule [is] that when a statute has no effective date, absent a clear direction by Congress to the contrary, [it] takes effect on the date of its enactment." *Johnson*, 529 U.S. at 702 (quotations and citations omitted). The Supreme Court held in *Johnson* that § 3583(h), enacted together with § 3583(i), did not apply to the defendant in that case because the provision "applies only to cases in which [the] initial offense occurred after the effective date of the amendment, September 13, 1994." *Id.* Here, Way's offense conduct occurred prior to § 3583(i)'s enactment date of September 13, 1994. Therefore, we cannot apply § 3583(i) to Way's case.

This, however, does not necessarily mean that the District Court lacked jurisdiction to revoke Way's supervised release. We must further decide whether the Court would have had jurisdiction under the law preceding § 3583(i). *See, e.g., id.* at 702-03 ("The case turns . . . on whether § 3583(e)(3)[, the precursor to § 3583(h),] permitted imposition of supervised release [under the facts presented]."). Although the prior statute, 18 U.S.C. § 3583(e)(3), is silent as to whether a court's power to revoke supervised release necessarily terminates at the end of the supervisory period, prior case law extended a

6

court's jurisdiction to adjudicate alleged probation and supervised release violations when proceedings were initiated within the term of supervised release. For example, in *Franklin v. Fenton*, 642 F.2d 760, 764 (3d Cir. 1980), we held that a warrant could be executed after the expiration of parole if the original warrant was issued prior to the expiration. Likewise, we held in *United States v. Bazzano*, 712 F.2d 826, 835 (3d Cir. 1983), that a court could revoke a term of probation after the term's expiration if formal revocation proceedings began within the term. Thereafter, other courts of appeals reached similar decisions with regard to supervised release. *See United States v. Neville*, 985 F.2d 992, 996-97 (9th Cir. 1993) (finding that the failure to toll would create the absurd result of exempting defendants who violate their conditions of supervised release close to the end of their term); *United States v. Barton*, 26 F.3d 490, 491 (4th Cir. 1994) ("We agree with the Ninth Circuit [in *Neville*] that courts retain jurisdiction to hold hearings related to revocation of supervised release for a reasonable period after the term of release expires when a petition charging a violation of the conditions of supervised release is filed during the period of supervised release."); *see also United States v. Sczubelek*, 402 F.3d 175, 179 (3d Cir. 2005) (discussing above-cited cases). Section 3583(i) was thus not a drastic change from prior law. *See United States v. Morales*, 45 F.3d 693, 701 (2d Cir. 1995) ("[W]e believe that the most likely purpose of [§ 3583(i)] was to make absolutely clear Congress' earlier intention that sentencing courts have the

authority to hold hearings to revoke or extend supervised release after expiration of the original term if they issue a summons or warrant during the release period.").

In light of these prior decisions, we hold that, notwithstanding the inapplicability of § 3583(i), the District Court had jurisdiction to revoke Way's supervised release after the term's expiration because revocation proceedings were initiated within the term: the Probation Office submitted a petition alleging that Way had violated his supervised release; the District Court approved the petition and issued a warrant for Way's arrest; the Probation Office submitted an amended petition to incorporate the charges for which Way was later convicted; and the District Court appended the amendment. Therefore, under these circumstances, we see no legal impediment to the District Court's adjudication of Way's alleged violation within a reasonable time – promptly after Way's state-law conviction – after his supervised release term was set to expire.[4]

## IV.

For the foregoing reasons, we will affirm the District Court's revocation of Way's supervised release and judgment of sentence.

---

[4]We thus do not need to address Way's alternative argument that § 3583(i) does not apply because the warrant at issue was not supported by "oath or affirmation" as required by the Fourth Amendment. *Compare United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004) (requiring an "oath or affirmation" under § 3583(i)), *with United States v. Garcia-Avalino*, 444 F.3d 444, 447 (5th Cir. 2006) (not requiring an "oath or affirmation" due to the "the relaxed constitutional norms that apply in revocation hearings").