# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2010

Lyle W. Cayce
Clerk

No. 10-40007
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALBERTO GAMEZ,

Defendant-Appellant

Consolidated with
No. 10-40009
Summary Calendar

JESUS ALBERTO GAMEZ,

Petitioner-Appellant

v.

THE HONORABLE JUDGE JANIS GRAHAM JACK,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:01-CR-85-1
USDC No. 2:09-CV-236

No. 10-40007
c/w No. 10-40009

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Alberto Gamez, currently Texas prisoner # 1200696, pleaded guilty in 2001 in federal court to importation of marijuana and received a 30-month sentence, to be followed by a three-year term of supervised release. On December 9, 2005, the Probation officer issued a superseding petition for revocation of the supervised release term, alleging drug use and adding a claim that Gamez had been convicted in state court of aggravated assault and was serving a 10-year sentence. Although the court issued an arrest warrant, it has not yet been served on Gamez. Gamez filed a 28 U.S.C. § 2254 petition, arguing that the use of his state conviction in federal revocation proceedings constituted a violation of the Double Jeopardy Clause. The district court concluded that the petition was more properly construed as a motion in the criminal case. Because Gamez was not challenging his state conviction by arguing that he was "in custody in violation of the Constitution or laws or treaties of the United States," his pleading did not constitute a § 2254 petition. *See* § 2254(a). Additionally, because Gamez is not serving a federal sentence and has not yet been sentenced to serve a future federal sentence, he may not proceed under 28 U.S.C. § 2255. *See* § 2255(a); *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971). The district court's construction of Gamez's motion as arising in the criminal case is not error.

The court denied Gamez's motion, finding no potential double jeopardy violation. To the extent that he is challenging that ruling, no such constitutional error exists because the purpose of a sentence imposed for violating the terms of supervised release is to punish the defendant for the breach of trust, rather

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40007
c/w No. 10-40009

than for the criminal offense giving rise to the revocation. *See United States v. Payan*, 992 F.2d 1387, 1396-97 (5th Cir. 1992); *see also United States v. Zamora-Vallejo*, 470 F.3d 592, 596 n.6 (5th Cir. 2006) (noting that while conduct resulting in revocation might constitute a new criminal offense, that conduct is not being punished twice if the defendant receives two sentences).

Gamez also argues that he is suffering a constitutional violation because the federal authorities have failed to execute the outstanding arrest warrant and the district court has failed to hold a revocation hearing. Even assuming that this court will consider these arguments for the first time on appeal, they are meritless. Gamez is not entitled to a revocation hearing until the arrest warrant is executed. *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994). Although a prisoner may allege a due process violation based on a delay between the issuance of the warrant and its execution, *see id.*, Gamez has not made such an argument. As noted above, his double jeopardy argument is meritless. To the extent that Gamez is arguing that removal of the federal detainer may permit him to obtain early parole on his state conviction, he has no constitutionally protected liberty interest in parole under Texas law. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Gamez thus has not shown that he suffered a due process violation arising from the delay in executing his arrest warrant for the federal revocation provisions. The judgment of the district court is AFFIRMED.