# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL LOVELL WEBB, also known as "P", also known as "Pete",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-359-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Lovell Webb, federal prisoner # 27797-077, appeals the district court's denial of his motion for disposition pursuant to the Interstate Agreement on Detainers Act (IADA). Webb filed the motion, invoking the IADA as well as the Sixth Amendment right to a speedy trial, in an attempt to obtain disposition of charges that he violated the terms of his supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10299

release.  A detainer has been lodged against Webb based on an arrest warrant related to the petition to revoke his supervised release.

In his pro se appellate brief, Webb argues that he has a Sixth Amendment right to a speedy trial and that the district court ignored this right in denying his motion for disposition.  His brief contains no authority supporting the existence of a constitutional speedy trial right with regard to revocation proceedings, but he contends that the electronic legal research service available to him in his detention facility is monitored to prevent him from finding caselaw that supports his claims.  We have held, however, that "[s]upervised release revocation hearings are not criminal proceedings" and, thus, the Sixth Amendment right to a speedy trial is not applicable.  *United States v. Tippens*, 39 F.3d 88, 89-90 (5th Cir. 1994) (internal quotation marks and citations omitted).  Webb's claim therefore fails to the extent it is based on the constitutional right to a speedy trial.  *See id.*

Webb has abandoned the claim that he is entitled to speedy disposition pursuant to the IADA because he has not briefed the issue.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  In any event, the district court did not err in determining that the IADA does not apply to retainers for supervised release violations.  *See Carchman v. Nash*, 473 U.S. 716, 725, 728 (1985).

The judgment of the district court is AFFIRMED.  Webb's request for the appointment of counsel for the purpose of oral argument, which is incorporated in his appellate brief, is DENIED.